ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **NFRE LLC**<br><br>Recurrente<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE SAN JUAN**<br><br>Recurrido<br><br>**NORDEN CONSTRUCTION LLC**<br><br>Licitador Notificado | KLRA202500344 | **REVISIÓN** procedente del **Municipio Autónomo de San Juan Junta de Subastas**<br><br>Subasta Núm.: **RFP 2025-005**<br><br>Sobre: Venta de la Propiedad Ubicada en el Núm. 852 de la Esquina Calle San Juan, en Santurce |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 23 de julio de 2025.

Comparece ante nos NFRE LLC (NFRE LLC o parte recurrente) mediante un recurso de revisión administrativa en el que solicita que declaremos nula una notificación de adjudicación de subasta intitulada *Notificación del Acuerdo o Determinación Final Sobre la Subasta Núm. 2025-005, "Venta de la Propiedad Ubicada en el Núm. 582 de la Esquina Calle San Juan, en Santurce"* y emitida por la Junta de Subastas del Municipio Autónomo de San Juan (Junta de Subastas o parte recurrida) el 28 de mayo de 2025.[1]

El 30 de junio de 2025, el Municipio Autónomo de San Juan presentó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción por Razones de Academicidad.*

---

[1] Apéndice del recurso de revisión judicial, Anejo I-II, págs. 1-7. Notificada el 28 de mayo de 2025.

Por los fundamentos que discutiremos a continuación, desestimamos el recurso de revisión administrativa por falta de jurisdicción.

**I.**

El 28 de mayo de 2025, la Junta de Subastas del Municipio Autónomo de San Juan publicó un *RFP-2025-005, "Venta de la Propiedad Ubicada en el Núm. 852 de la Calle del Parque, Esquina Calle San Juan, en Santurce".*[2] En lo pertinente, indicó que toda propuesta con respecto al RFP 2025-005 debía venir acompañada de una fianza provisional de participación (Bid Bond) equivalente al cincuenta por ciento (50%) de la oferta de compra. En cuanto a este particular, explicó que, en el caso de que se presentara una fianza emitida por una entidad financiera y/o una compañía de seguros, la misma debía tener una vigencia no menor de ciento veinte (120) días. Asimismo, detalló que no prestar la fianza provisional e incluirla como parte de la propuesta, sería causa suficiente para la descalificación del proponente. Además, indicó que los proponentes tenían que presentar un escrito especificando el tipo de negocio o actividad que proponían llevar a cabo en la estructura.

Después de varios trámites procesales, el 28 de mayo de 2025, la Junta de Subastas emitió una *Notificación del Acuerdo o Determinación Final Sobre la Subasta Núm. 2025-005, "Venta de la Propiedad Ubicada en el Núm. 852 de la Calle del Parque, Esquina Calle San Juan, en Santurce".* Por medio de esta, adujo que se designó un Comité Evaluador para evaluar que las propuestas fueran conforme a lo establecido en el pliego. Asimismo, indicó que el Comité Evaluador recomendó adjudicar el RFP 2025-005 a favor de Norden Construction, LLC, por prevalecer como el mejor postor aun cuando no presentó la totalidad de los documentos requeridos.

---

[2] *Íd.*, Anejo IV, págs. 79-90.

A esos efectos, la Junta de Subastas adjudicó el RFP 2025-005 a Norden Construction LLC. por prevalecer con la mejor oferta económica en cumplimiento con los requisitos de la solicitud de propuestas.

Inconforme con la notificación emitida, el 28 de mayo de 2025, NFRE LLC presentó una *Reconsideración* ante la Junta de Subastas.[3] Mediante esta, la parte recurrente alegó que, según el pliego de subastas notificado para el RFP 2025-005, eran requisitos de cumplimiento indispensable, entre otros, tener una fianza de ciento veinte (120) días por la cantidad del cincuenta por ciento (50%) de la oferta de compra y presentar un plan de negocio detallado que abarcara el tipo de actividad a desarrollar. En cuanto a este particular, explicó que Norden Construction LLC. presentó una fianza por una duración de noventa (90) días, en lugar de los ciento veinte (120) días requeridos. Asimismo, adujo que Norden Construction LLC. tampoco cumplió con el requisito de presentar un plan de negocios detallado, según solicitado en el pliego. Argumentó que no era procedente la adjudicación a Norden Construction LLC. ya que el pliego y directrices de la subasta ameritaban la descalificación de dicho licitador. Por otra parte, alegó que cumplió con la presentación de la fianza por una duración de ciento veinte (120) días y con el requisito de presentar un plan de negocios detallado que abarcara el tipo de actividad a desarrollar. Por ello, solicitó de la Junta de Subastas que reconsiderara la adjudicación notificada el 28 de mayo de 2025. En específico, solicitó que se dejara sin efecto la adjudicación a Norden Construction LLC. y, en su consecuencia, se le adjudicara la subasta en cuestión.

---

[3] *Íd.*, Anejo III, págs. 8-78.

La Junta de Subastas no atendió la solicitud de reconsideración, por lo que NFRE LLC instó un *Recurso de Revisión Administrativa* ante nos y realizó los siguientes señalamientos de error:

> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE SAN JUAN AL NO DESCALIFICAR AL LICITADOR NORTHERN CONSTRUCTION LLC POR NO HABER CUMPLIDO CON EL REQUISITO "PASS OR FAIL" [DE] PRESENTAR FIANZA POR EL TÉRMINO DE TIEMPO REQUERIDO EN EL PLIEGO DE 120 DÍAS.**
>
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE SAN JUAN AL NO DESCALIFICAR AL LICITADOR NORTHERN CONSTRUCTION LLC POR NO HABER CUMPLIDO CON EL REQUISITO "PASS OR FAIL" DE PRESENTAR UN PLAN DE NEGOCIOS DETALLADO RESPECTO A LA PROPUESTA QUE PRESENTARÍA.**
>
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE SAN JUAN AL ADJUDICAR EL RFP A NORTHERN CONSTRUCTION LLC A PESAR DE QUE SU PROPUESTA NO RESPONDE AL MEJOR INTERÉS PÚBLICO.**
>
> **ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE SAN JUAN AL IR EN CONTRA DE SU DECLARACIÓN UNILATERAL DE VOLUNTAD ACEPTADA POR LA PARTE AQUÍ COMPARECIENTE DE QUE EL FALLAR EN ALGUNO DE LOS REQUISITOS "PASS OR FAIL" CONLLEVARÍA LA DESCALIFICACIÓN Y NO SE CONTINUARÍA LA EVALUACIÓN DE LA PROPUESTA QUE INCUMPLIERA CON UNO DE LOS MISMOS.**

Pendiente lo anterior, el 30 de junio de 2025, el Municipio Autónomo de San Juan compareció ante nos mediante *Moción en Solicitud de Desestimación por Falta de Jurisdicción por Razón de Academicidad*, a la cual le acompañó la *Notificación de Re-adjudicación del RFP Núm. 2025-005, "Venta de la Propiedad Ubicada en el Núm. 582 de la Esquina Calle San Juan, en Santurce"*, emitida el 27 de junio de 2025. En dicha notificación, se dejó sin efecto la notificación emitida el 28 de mayo de 2025 y se adjudicó el RFP 2025-005 a NFRE LLC. En síntesis, el Municipio alegó que la Junta de Subastas concluyó que NFRE LLC respondía a los mejores intereses del Municipio, al igual que cumplió con todos los criterios requeridos en el respectivo pliego. Ante ello, adujo que la notificación de re-adjudicación tornó académico el recurso de autos, sin que aplique ninguna de las excepciones a la doctrina de academicidad.

Asimismo, expresó que no hay un caso o controversia que adjudicar, por lo que este tribunal está impedido de asumir jurisdicción. Ante lo anterior, el Municipio Autónomo de San Juan solicitó la desestimación del recurso presentado por la parte recurrente debido a falta de jurisdicción por razón de academicidad.

**II.**

**A.**

En nuestro sistema jurídico, la jurisdicción se ha definido como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135, 144 (2023); *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Los tribunales de Puerto Rico poseen jurisdicción general, por lo cual "están facultados para atender cualquier reclamación que presente una controversia propia de adjudicación, siempre que tengan jurisdicción sobre la materia", y sobre las partes. *Consejo de Titulares de 76 Kings Court Condominium v. MAPFRE PRAICO Insurance Company*, 208 DPR 1018, 1026-1027 (2022); *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales*, 213 DPR 685 (2024). La falta de jurisdicción transgrede directamente sobre el poder que posee para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank, supra*, págs. 385-386. Por lo tanto, en primera instancia, se debe corroborar el aspecto jurisdiccional en todo caso que se presente ante un foro adjudicativo. *R & B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales, supra*, pág. 698 (*citando a Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019)).

De ese modo, la ausencia de jurisdicción conlleva varias consecuencias; a saber:

[Q]ue no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

*Allied Management Group, Inc. v. Oriental Bank, supra,* pág. 386; *S.L.G. Solá-Maldonado v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

Tan pronto el Tribunal determina que carece de autoridad para atender el recurso, "solo tiene jurisdicción para así declararlo y proceder a desestimar el caso". *S.L.G. Solá-Maldonado v. Bengoa Becerra, supra,* págs. 682-683.

## B.

Sabido es que los tribunales solo pueden resolver casos que sean justiciables. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 68 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011). El principio de la justiciabilidad gobierna el ejercicio de la función revisora de los tribunales, fijando la jurisdicción de estos. Conforme a dicho principio, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Super Asphalt v. AFI y otro,* 206 DPR 803, 815 (2021); *U.P.R. v. Laborde Torres y otros I,* 180 DPR 253, 279-280 (2010); *E.L.A. v. Aguayo,* 80 DPR 552, 583-584 (1958).

La doctrina de la academicidad constituye una de las manifestaciones de la justiciabilidad. *Super Asphalt v. AFI y otro, supra.* Una controversia es académica cuando los acontecimientos y cambios fácticos tornan en ficticia su solución, de tal modo que un fallo del tribunal no tendría efectos prácticos. *Amador Roberts et als. v. ELA,* 191 DPR 268, 283 (2010), citando a *Com. de la Mujer v. Srio. de Justicia,* 109 DPR 715, 724-725 (1980). Por tal razón, se

debe evaluar los eventos anteriores, próximos y futuros, a fines de determinar si la controversia entre las partes sigue viva y subsiste con el tiempo. *Super Asphalt v. AFI y otro, supra*, pág. 816; *Pres. del Senado*, 148 DPR 737, 759 (1999). Cuando un tribunal determine que un caso es académico, su deber es abstenerse de considerar los méritos de ese caso, pues deja de ser justiciable y, en su consecuencia, no es apto para la intervención judicial. *Íd.* Con esta limitación sobre el poder de los tribunales, se persigue evitar el uso innecesario de los recursos judiciales y obviar pronunciamientos autoritativos de los tribunales que resulten superfluos. *C.E.E. v. Depto. de Estado*, 134 DPR 927, 935-936 (1993).

Ahora bien, la doctrina de academicidad admite excepciones que operan cuando: (1) se plantea una cuestión recurrente que tienda a evadir la revisión judicial; (2) la situación de hechos ha sido modificada por el demandado, pero el cambio no aparenta ser permanente; y (3) subsisten consecuencias colaterales vigentes. *Bhatia Gautier v. Gobernador, supra*, págs. 74-75; *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 983 (2011). La excepción sobre el carácter repetitivo o recurrente de la controversia exige el estudio de tres factores: (1) la probabilidad de la recurrencia; (2) las partes involucradas en el procedimiento; (3) probabilidad de que la controversia evada la adjudicación o revisión judicial. *Cruz v. Administración*, 164 DPR 341 (2005), citando a *Angueira v. JLBP*, 150 DPR 10, 19 (2000).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, provee para solicitar la desestimación de todo recurso que haya advenido académico, así como para la desestimación *motu proprio* por esta Curia. En lo pertinente, la referida regla establece lo siguiente:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

    (1) Que el Tribunal de Apelaciones carece de jurisdicción.

    (2) Que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

    (3) Que no se ha presentado o proseguido con diligencia o de buena fe.

    (4) Que el recurso es frívolo y surge claramente que no se ha presentado controversia sustancial o que ha sido interpuesto para demorar los procedimientos.

    (5) **Que el recurso se ha convertido en académico.**

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) de esta regla.

[…] (Énfasis nuestro).

### III.

En el caso de marras, NFRE LLC arguyó que la Junta de Subastas incidió al no descalificar a Northern Construction LLC. debido a que este incumplió con los requisitos de presentar una fianza de ciento veinte (120) días por la cantidad de cincuenta por ciento (50%) de la oferta de compra y por no presentar un plan de negocio detallado que abarque el tipo de actividad a desarrollar. Asimismo, adujo que la Junta de Subastas incidió al ir en contra de su declaración unilateral de voluntad de que, el fallar en alguno de los requisitos "Pass or Fail", conllevaría la descalificación y no se continuaría la evaluación de la propuesta que incumpliera con estos.

Por su parte, el Municipio Autónomo de San Juan alegó que la *Notificación de Re-adjudicación del RFP Núm. 2025-005, "Venta de la Propiedad Ubicada en el Núm. 582 de la Esquina Calle San Juan, en Santurce",* emitida el 27 de junio de 2025, dejó sin efecto la notificación emitida el 28 de mayo de 2025 y adjudicó el RFP 2025-005 a NFRE LLC. Adujo que la Junta de Subastas concluyó que NFRE LLC, respondía a los mejores intereses del Municipio, al igual

que cumplió con todos los criterios requeridos en el respectivo pliego. Ante ello, arguyó que la notificación de re-adjudicación tornó académico el recurso presentado por la parte recurrente, sin que aplique ninguna de las excepciones a la doctrina de academicidad. Asimismo, indicó que, al no haber un caso o controversia que adjudicar, este tribunal está impedido de asumir jurisdicción. Le asiste la razón.

Como pormenorizamos anteriormente, sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primicia. Surge del expediente que carecemos de autoridad para entender sobre los méritos de la cuestión que la parte recurrente propone en sus señalamientos de error, toda vez que la misma no es de carácter justiciable.

A la luz de lo anterior y tomando en consideración la totalidad de los documentos a nuestro haber, entendemos que entre los comparecientes ya no existe una controversia real que amerite el ejercicio de nuestra función revisora. Por consiguiente, resulta forzoso resolver que la controversia de autos se tornó académica, ello por no existir intereses antagónicos entre las partes que ameriten nuestra intervención. En ausencia de disputa legítima entre los aquí comparecientes, así como la inaplicabilidad de las excepciones a la doctrina de academicidad, resulta improcedente emitir una expresión sobre los errores señalados.

**IV.**

Por las razones discutidas anteriormente, se desestima el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones